**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-00715-REB

KEVIN J. WAGGENER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY DECISION
AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#3], filed April 8, 2008, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument.  I reverse and remand.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that he is disabled as a result primarily of a complex seizure disorder and right wrist injury and associated pain and dysfunction.  After his application for disability insurance benefits was denied initially, plaintiff requested a hearing before an administrative law judge.  A hearing was held on July 10, 2006.  At the time of this hearing, plaintiff was 36 years old.  He has a college degree and past work experience

as waiter, securities broker, telemarketer, and ski sales technician.  Plaintiff had not engaged in substantial gainful activity during the period between his alleged date of onset, June 8, 2000, and his date last insured, December 31, 2001.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  He determined that plaintiff had the residual functional capacity for light work with certain postural limitations and restriction of the right upper extremity to sedentary work.  Although this finding precluded plaintiff's past relevant work, the ALJ found that there were jobs existing in significant numbers in the national economy that he could perform.  The ALJ, therefore, found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.

 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff clearly has a long and complicated medical history, and his scattershot style of briefing does little to help elucidate the issues raised in this appeal.

Nevertheless, because I find that the ALJ erred in assessing plaintiff's residual functional capacity during the relevant time period,[1] I remand for further determination.

The ALJ based his determination of plaintiff's residual functional capacity on the opinion of a single decisionmaker ("SDM").[2]  (Tr. 26.)  In this respect, he erred.  An SDM is not a medical professional of any stripe, and his opinion, therefore, is entitled to no weight.  ***Velasquez v. Astrue***, 2008 WL 791950 at *3 (D. Colo. Mar. 20, 2008) (Blackburn, J.) (citing ***Goupil v. Barnhart***, 2003 WL 22466164 at * 2, n.3 (D. Me. Oct. 31, 2003)).  Because the ALJ cited no other medical opinion in support of his findings regarding plaintiff's residual functional capacity, his conclusions in that regard are not supported by substantial evidence.

Moreover, the reason the ALJ gave for discrediting the contrary opinions of plaintiff's treating physicians do not withstand scrutiny.[3]  Although the ALJ claimed that

---

[1] Because plaintiff's insured status expired on December 31, 2001, he bore the burden of establishing that he was disabled on or before that date.  ***See*** 20 C.F.R. § 404.131(b); ***Ivy v. Sullivan***, 898 F.2d 1045, 1048 (5th Cir. 1990); ***Ward v. Shalala***, 898 F.Supp. 261, 263 (D. Del. 1995).  Nevertheless, medical evidence outside this period may be considered to the extent it sheds light on the nature and severity of plaintiff's condition during the relevant time period.  ***See Hamlin v. Barnhart***, 365 F.3d 1208, 1215 (10th Cir. 2004); ***Ivy***, 898 F.2d at 1049 (quoting ***Basinger v. Heckler***, 725 F.2d 1166, 1169 (8th Cir. 1984)).

[2] Colorado is one of ten states participating in the Commissioner's Plan for a New Disability Claim Process.  ***See*** 59 Fed. Reg. 47887 (Sept. 19, 1994).  This pilot program is testing several model procedures for streamlining the administrative review process, including use of an SDM, rather than a team composed of a disability examiner and a medical consultant, to make the initial determination of disability.  ***See*** 62 Fed. Reg. 49598 (Sept. 23, 1997).

[3] The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record."  20 C.F.R. § 404.1527(d)(2); ***see also Watkins v. Barnhart***, 350 F.3d 1297, 1300 (10th Cir. 2003).  Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927."  **Social Security Ruling 96-2p**, 1996 WL 374188 at *4 (SSA July 2, 1996).  ***See also Langley v. Barnhart***, 373 F.3d 1116, 1119 (10th Cir. 2004).

the opinion of plaintiff's orthopedist, Dr. David Labosky, was not relevant to the time period under consideration (Tr. 26), nothing in the evidence to which the ALJ refers indicates that Dr. Labosky's opinion is so limited (*see* Tr. 797).[4]  Indeed, in a contemporaneous letter, in which he imposed a complete restriction on plaintiff's use of his right upper extremity, Dr. Lebosky noted that these limitations related back to 1998 (Tr. 827).  The ALJ, therefore, failed to articulate legitimate reasons for failing to afford any weight to Dr. Labosky's opinion.  ***See Watkins v. Barnhart***, 350 F.3d 1297, 1301 (10th Cir. 2003); ***Goatcher v. United States Department of Health & Human Services***, 52 F.3d 288, 290 (10th Cir. 1995); ***Frey v. Bowen***, 816 F.2d 508, 513 (10th Cir. 1987).  Moreover, the ALJ failed to address the lengthy opinion of Dr. Arthur C. Roberts, who treated plaintiff from 1998 through 2003, and noted that "[a]t the time I saw him last in December 2003 pain was encompassing much of his life and he obviously couldn't work under those circumstances."  (Tr. 842.)[5]

Nor can this error be construed as harmless, since the vocational expert testified that the occupational base for the alternative jobs he identified would be eroded by at least 40 per cent if a person was unable to use their dominant upper extremity.  (Tr.

---

[4] If there were any doubt as to what period of time the opinion pertained, the proper course of action would have been to recontact Dr. Labosky for clarification of his opinion.  ***See*** 20 C.F.R. § 404.1512(e); **Social Security Ruling 96-5p**,1996 WL 374183 at *6 (SSA July 2, 1996).

[5] Plaintiff has a long history of multiple injuries and resulting surgeries to his right wrist, most of which appear to have afforded him only temporary relief of increasingly intractable pain even on substantial doses of opiates.  Although plaintiff was not diagnosed with Chronic Regional Pain Syndrome ("CRPS") until 2003, well after his date last insured, there is sufficient evidence in the record to at least suggest that he may, in fact, have suffered from the condition prior to his date last insured.  (***See, e.g.***, Tr. 196 (noting in 2003 that plaintiff had experienced a "recurrence" of CRPS).)  This may be an issue for further investigation on remand.  ***But see Flint v. Sullivan***, 951 F.2d 264, 267 (10th Cir. 1991) (noting that a retrospective diagnosis alone is insufficient to establish an entitlement to benefits, absent additional evidence of actual disability during the relevant time frame).

934.)  Such diminution in the number of available jobs may well undermine the Commissioner's crucial step-five determination that there exist a significant number of jobs in the local and national economies that plaintiff can perform.

Accordingly, this case must be remanded.[6]

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to

    a.    Reevaulate plaintiff's residual functional capacity consistent with this opinion;

    b.    Recontact Drs. Labosky and Roberts, or other treating or examining sources, for further clarification of their findings, seek the testimony of additional medical or vocational experts, order additional consultative examinations, or otherwise further develop the record as he deems necessary;

    c.    Reevaluate his step-five determination; and

    d.    Reassess the disability determination.

Dated July 15, 2009, at Denver, Colorado.

                    **BY THE COURT:**

                    */s/ Bob Blackburn*
                    Robert E. Blackburn
                    United States District Judge

---

[6] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.