**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 08-cv-00715-REB

KEVIN J. WAGGENER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER DENYING MOTION FOR ANOTHER ALJ ON REMAND

**Blackburn, J.**

The matter before me is plaintiff's **Opposed Motion for Another ALJ on Remand** [#21] filed July 26, 2009. I deny the motion.

On July 15, 2009, I entered an order remanding this case to the ALJ for further consideration. (*See* **Order Reversing Disability Decision and Remanding to Commissioner** [#19], filed July 15, 2009.) Although he did not raise the issue in his substantive briefing, plaintiff now requests that I order the Commissioner to assign his case to a new ALJ on remand because he believes the ALJ, having already denied his claim for disability insurance benefits once, is predisposed to rule against him on remand.

In general, it is for the Commissioner, through the Appeals Council, to determine whether a case should be assigned to a new ALJ on remand. *See* 20 C.F.R. § 404.983; ***Travis v. Sullivan***, 985 F.2d 919, 924 (7th Cir. 1993); ***Hartnett v. Apfel***, 21 F.Supp.2d 217, 222 (E.D.N.Y. 1998). The courts do not generally usurp that authority absent

some "legitimate and compelling reason," principally evidence of bias or partiality on the part of the ALJ in question. **Travis**, 985 F.2d at 924. **See also** 20 C.F.R. § 404.940 (providing that ALJ should not conduct a hearing "if he or she is prejudiced or partial with respect to any party").

> Specifically, when the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate. Factors for consideration in this determination include: (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party.

**Foltz v. Astrue**, 2009 WL 210713 at *3 (W.D. Wash. Jan. 28, 2009).[1]

Plaintiff here has presented nothing to suggest that the ALJ who determined his initial claim was hostile or biased against him individually. Nor has he pointed to any evidence to suggest that the ALJ will not apply the correct legal standards or otherwise fail to follow my orders on remand. Instead, he relies on statistics from the ALJ's past decisions to suggest that he is more likely to issue an unfavorable decision following remand. Indeed, plaintiff suggests that this tendency is one shared by ALJ's in general. Assuming *arguendo* that such trends occur, their mere existence is not sufficient to convince me to take the extreme step of requiring the Commissioner to reassign this, or

---

[1] Contrary to plaintiff's argument, I cannot *order* the Commissioner to assign a new ALJ to hear his case on remand unless I find that the allowing the ALJ to hear the case would fundamentally undermine the impartiality of the review process. **Cf. Clifford v. Apfel**, 227 F.3d 863, 874 (7th Cir. 2000) (making no specific findings of bias on the part of the ALJ but recommending that case be reassigned to a new ALJ on remand).

any other, case.  Taken to its logical conclusion, plaintiff's argument would allow virtually any case to be reassigned following reversal by the district court.

ALJs, like district judges, are accustomed to having their considered opinions reviewed by higher courts.  They are thus aware that reasonable minds can differ as to the correct outcome of a particular case and that when the higher court disagrees with their assessment of the evidence or application of the law, they will be required to try again.  Absent a particularized showing that *this* ALJ is unlikely to be able to afford *this* plaintiff a fair hearing on remand, I am unwilling to require the Commissioner to reassign this case.[2]  To proceed otherwise would constitute unwarranted judicial ingerence.

**THEREFORE, IT IS ORDERED** that plaintiff's **Opposed Motion for Another ALJ on Remand** [#21] filed July 26, 2009, is **DENIED**.

Dated August 21, 2009, at Denver, Colorado.

                                             **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

---

[2] Of course, plaintiff remains free to make a request for a new ALJ to the Appeals Council.  **See** 20 C.F.R. § 404.983.