IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-00715-REB

KEVIN J. WAGGENER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR AN
## AWARD OF ATTORNEY FEES UNDER 42 U.S.C. § 406(B)

**Blackburn, J.**

The matter before me is plaintiff's **Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)** [#31] filed June 23, 2010. I grant the motion.

Title II of the Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a
> claimant under this subchapter who was represented before
> the court by an attorney, the court may determine and allow
> as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the
> past-due benefits to which the claimant is entitled by reason
> of such judgment[.]

42 U.S.C. § 406(b)(1)(A). By its terms, this section requires that any attorney fees awarded not exceed twenty-five percent of the past-due benefits recovered, and that it be otherwise "reasonable." ***Gisbrecht v. Barnhart***, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). A contingency fee agreement is the "the primary means by which fees are set for successfully representing Social Security benefits

claimants in court." *Id.*, 122 S.Ct. at 1828.[1]  In determining whether a fee is reasonable, I may consider factors such as "the character of the representation," "the results the representative achieved," whether the benefits recovered "are large in comparison to the amount of time counsel spent on the case," and whether the plaintiff's attorney is responsible for delay in the proceedings.  *Id.*

In this case, plaintiff contractually agreed to pay his counsel twenty-five percent of any past-due benefits recovered as a result of the representation.  (*See* Plf. Motion App., Exh. 1.)  Plaintiff recovered $53,872.50 in past due benefits.  (*Id.*, Exh. 2.)  Twenty-five percent of that amount is $13,468.13.  Counsel requests attorney fees of $6,468.13 pursuant to section 406(b).[2]  The Commissioner has stated that he has no objection to the motion.  (**Defendant's Response to Plaintiff's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)** [#29, filed June 22, 2010.)[3]

Counsel's requested fee is more than reasonable for 47.3 hours of work (*see* Plf. Motion App., Exh. 3), and in relation to counsel's non-contingent hourly rate and the amount of past-due benefits recovered.  Further, I find no other reason to reduce the requested amount further.

---

[1] It is a criminal offense for an attorney to attempt to charge a social security client more than the statutory cap, or to charge a non-contingent fee.  **See Gisbrecht**, 122 S.Ct. at 1827-28.

[2] Counsel already has received $7,000.00 under the EAJA.  **See Gisbrecht**, 122 S.Ct. at 1822-23 (attorney fees awarded under section 406(b) should be offset against awards made under the Equal Access to Justice Act).

[3] I denied without prejudice plaintiff's initial motion for attorney fees because he failed to append any evidence to prove the nature of his fee agreement with his attorney or otherwise demonstrate the reasonableness of his request.  (*See* **Minute Order** [#30] entered June 22, 2010.)  Although defendant's response was filed with respect to that motion, because the refiling worked no substantive change in the motion, I perceive no reason why defendant's response would have changed.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)** [#31] filed June 23, 2010, is **GRANTED**; and

2. That pursuant to 42 U.S.C. § 406(b)(1)(A), plaintiff is **AWARDED** attorney fees of $6,468.13.

Dated June 24, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge